UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBYN L. FELDMAN,**

        **Plaintiff,**

v.                                                              Case No:   6:14-cv-1094-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Robyn L. Feldman (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance benefits. Doc. No. 1. On November 15, 2011, Claimant filed an application for disability benefits alleging an onset of disability date as of October 1, 2008. R. 141-148. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) by failing to demonstrate good cause, supported by substantial evidence, for giving "little weight" to the opinion of Claimant's primary treating physician, Dr. Luz Alonso; and (2) making a credibility determination that is not supported by substantial evidence. Doc. No. 22 at 23-39. For the reasons that follow, the Commissioner's final decision is **AFFIRMED**.

**I.    THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

#### A. Opinion Evidence.

Claimant argues the ALJ failed to demonstrate good cause, supported by substantial evidence, for according "little weight" to the opinion of Claimant's primary treating physician, Dr. Alonso. Doc. No. 22 at 25-27. *See also* R. 20-21 (ALJ's decision); 566-69 (Dr. Alonso's opinion).[1] The Commissioner contends that the ALJ's reasons for giving little weight to Dr. Alonso's opinion are supported by substantial evidence. Doc. No. 22 at 28-33.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[2] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a

---

[1] Claimant is insured for benefits through December 31, 2013. R. 13.

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  The Eleventh Circuit has held:

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (unpublished) (quoting *Phillips* v. *Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).  Thus, good cause exists to give a treating physician's opinion less than substantial weight where the ALJ demonstrates in the decision that the physician's opinion is not bolstered by the evidence in the record, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Id*.

Dr. Alonso is Claimant's long-standing primary treating physician, who treated Claimant from September 15, 2008 to January 12, 2012 for the following conditions: diabetes mellitus; neuropathy; anorexia; anxiety; depression; insomnia; fatigue; gastroesophageal reflux disease; upper respiratory infections; urinary tract infections; spinal stenosis at C5; parenthesis of the left foot; hot flashes; and chronic neck pain. R. 455-500, 538-541. In the decision, the ALJ provides a thorough overview of the medical record, including Dr. Alonso's treatment records. R. 15-21. The ALJ repeatedly notes that Dr. Alonso's treatment records, which the ALJ identifies as being from Park Avenue Internal Medicine, "continually show that the claimant demonstrated normal motor strength and sensation from [October 1, 2008] through January 2012." R. 17-18 (citing R. 455-500, 538-541). The ALJ further states: "While the December 28, 2011 and August 4, 2012 lumbar spine [magnetic resonance imaging] suggest significant deficits, the [ALJ] again notes that [Dr. Alonso's] treatment records continually show that the claimant demonstrated normal motor strength and sensation. . . ." R. 19 (citing R. 455-500, 538-41.

The ALJ then provides a review of Dr. Alonso's April 11, 2012 opinion, as follows:

> Dr. Luz Alonso, the claimant's primary care physician, opined that the claimant can sit for less than one hour total in an eight-hour day, stand/walk for less than one hour total in an eight-hour day, and will [need] an opportunity to alternate sitting and standing at will throughout the day. According to Dr. Alonso, the claimant cannot adequately use the bilateral hands for pushing or pulling but can use the bilateral hands to perform simple grasping, fine manipulation, and repetitive motion tasks (writing, typing, assembly, etc). While Dr. Alonso opined that the claimant cannot use the left foot for repetitive movements as in operating foot controls, she opined that the claimant can use the right foot in such a capacity.
>
> According to Dr. Alonso, the claimant can lift/carry up to five pounds occasionally but never six pounds or more and can occasionally climb, balance, and reach above shoulder level but never stoop kneel, crouch, or crawl. Further, Dr. Alonso opined that the claimant has moderate restriction of activities involving exposure to marked changes in temperature and humidity, driving automotive equipment, and exposure to dust, fumes and gases and

>   total restriction of activities involving unprotected heights, being around moving machinery.
>
>   Additionally, Dr. Alonso admitted that the claimant does not suffer from fatigue for which there is a reasonable medical basis.

R. 20 (citing R. 567.).   Ultimately, the ALJ accords Dr. Alonso's opinion "little weight" because "her opinions are not supported by clinical signs documented in the claimant's primary care treatment records, which clearly demonstrate normal motor strength and sensation from the alleged onset date through January 2012."   R. 21.   In addition, the ALJ gave Dr. Alonso's opinion little weight because Dr. Alonso is not a neurosurgeon.   R. 21.

As set forth above, the ALJ points out that Dr. Alonso's treatment records show that Claimant's physical exams reveal normal motor strength and sensation throughout the relevant time period, which are inconsistent with Dr. Alonso's opinions.   *See* R. 17-18, 21, 459, 461, 463, 465, 467, 469, 471, 473, 476, 481, 483, 487, 489, 491, 493, 495, 497, 500, 539, 541.   Moreover, as the ALJ stated, the clinical signs documented in Dr. Alonso's treatment notes do not support Dr. Alonso's opinions.   *Compare* R. 455-500, 538-541 *with* R. 566-69.   Thus, the Court finds that the ALJ has demonstrated good cause, supported by substantial evidence for giving little weight to Dr. Alonso's opinion.   Accordingly, Claimant's argument is rejected.[3]

### B. Credibility.

Claimant maintains that the following two (2) reasons given by the ALJ for finding Claimant's subjective statements not entirely credible are not support by substantial evidence: (1) Claimant made inconsistent statements regarding the side-effects of her medications; and (2) the

---

[3] Claimant maintains Dr. Alonso's treatment records do not actually indicate normal motor strength and sensation because it is unclear what the check-boxes on Dr. Alonso's treatment notes mean. Doc. No. 22 at 26-27. Dr. Alonso's treatment notes repeatedly check a line indicating that Claimant has "no motor/snsry deficit" and Dr. Alonso repeatedly leaves blank the line for weakness. *See* R. 459, 461, 463, 465, 467, 469, 471, 473, 476, 481, 483, 487, 489, 491, 493, 495, 497, 500, 539, 541. Thus, the Court finds Dr. Alonso's treatment records clearly support the ALJ's decision.

Claimant's activities of daily living are inconsistent with an individual with significant functional limitations. Doc. No. 22 at 35. The Commissioner contends that the ALJ's credibility determination is supported by substantial evidence. Doc. No. 22 at 37-39.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[4] Thus, once the pain standard is satisfied, the issue becomes one of credibility.

---

[4] Social Security Ruling 96-7p provides:

> 2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.
>
> 3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, [they] must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if credibility is critical to the outcome of the case. *Id*.

In the decision, the ALJ reviews the Claimant's disability reports and testimony regarding her subjective complaints. R. 16. Thereafter, the ALJ makes the following findings:

> The claimant's credibility is diminished by her inconsistent statements during the period at issue. While the claimant has alleged medication side effects, she has also stated that she does not experience side effects from her medications [Citing R. 189, 191, 226, 232].
>
> Even thought the claimant alleges needing help bathing, getting dressed, and doing laundry, she admits that she takes care of her four year old granddaughter, providing her with meals as well as helping her with bathing, dressing, and getting into and out of the car seat [Citing R. 192, 201, 217-218].

---

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p, 1996 WL 374186, at *1 (1996).

> Additionally, treatment records from December 6, 2011, show the claimant admitted that she walks for exercise. [Citing R. 479].[5] While none of these statements completely refute the claimant's allegations, they do cast doubt on the claimant's credibility and her statements of extreme functional limitations.
>
> The claimant's activities of daily living cast further doubt on her credibility.  While the claimant alleges significant functional limitations, including needing help dressing and bathing, close examination of the record reveals a different picture of functional ability.  For instance, the claimant was on vacation in Connecticut, drinking mimosas, and getting her nails done when she experienced blood sugar issues on September 2, 2010. [Citing R. 279].  Even though travel and disability are not mutually exclusive, the claimant's ability to do so suggests that her allegations of extreme limitations in the ability to sit, stand, and walk are not entirely credible.  Further, as previously mentioned, the claimant admits that she cares for her four year old granddaughter by helping with bathing, dressing, feeding, and getting her into and out the car seat. [Citing R. 191-192, 201, 218].  These admissions suggest that the claimant['s] allegations that she needs help getting dressed, bathing, and doing household chores are not entirely credible.
>
> After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

R. 15-16.  The ALJ then states that the Claimant's allegations of disability "are not entirely consistent with the objective medical record," which is immediately followed by the ALJ's review of the medical record.  R. 17-21.  Thus, the ALJ found that Claimant's subjective statements are not entirely credible because Claimant made inconsistent statements regarding side-effects of medication and her activities of dialing living are inconsistent with an individual with significant functional limitations.  R. 15-16.

The record shows that Claimant sometimes claimed side-effects from medications (R. 189),

---

[5] The page the ALJ cites to is blank.  R. 479.

but at other times Claimant specifically denied side-effects from medications (R. 191). In addition, taking care of a four year-old, including providing meals, bathing, dressing, and assisting the four year-old in and out of an automobile is inconsistent with an individual who has significant functional limitations in the ability to bend, squat, kneel, and to take care one's own hygienic needs. R. 16; 192-193.[6] Accordingly, the Court finds that the ALJ's reasons for finding Claimant's subjective statements not entirely credible are supported by substantial evidence.

## IV. CONCLUSION.

For the reasons stated above, it is hereby **ORDERED** that:

1. **The Commissioner's final decision is AFFIRMED**;

2. The Clerk is directed to enter judgment in favor of the Commissioner and against the Claimant, and to close the case.

**DONE and ORDERED** in Orlando, Florida on September 28, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[6] Claimant stated that she takes care of the four year-old three or four days a week. R. 193.